**Richmond.**

BOLLING v. BOLLING.

December 14th, 1891.

1. WILLS OF PERSONALTY—*Lex domicilii.*—It is a rule of the common law that wills of personal property are to be construed according to the law of the place of testator's domicile, wheresoever the judicial inquiry may be made as to its meaning, and there is nothing in Code 1860, ch. 110, § 4, amended by acts 1865–'66, p. 166 (Code 1887, § 2270), indicating an intention to abrogate or change it.

2. IDEM—*Provision in lieu of dower—Case at bar.*—Where a testator, domiciled in New York, bequeathed personal property to his wife, but made no disposition of his realty in Virginia, and there is no incompatibility between her claim for dower and her claim to the provision, the testator's intention must be construed according to the law of New York, which is, where there are no express words, there must be on the face of the will a demonstration of the testator's intent that the widow shall not take both dower and the provision.

Appeal from decree of hustings court of city of Petersburg, rendered February 2d, 1889, in a suit wherein Mrs. Margaret Bolling, widow of John M. Bolling, deceased, was complainant, and the appellant, Richard W. Bolling, the heir-at-law of said decedent, was defendant. The object of the suit was to recover dower in lands whereof her husband died intestate. Opinion states the case.

*George Mason*, for appellant.

*Tunstall & Thom*, for appellee.

LEWIS, P., delivered the opinion of the court.

This is an appeal from a decree of the hustings court of the city of Petersburg in a suit in equity for the recovery of dower. The case is as follows :

In November, 1887, John M. Bolling died, leaving a will, whereby he disposed of his personal estate only. At the time of his death he was domiciled in the State of New York, and there his will was made and duly admitted to probate. He left a widow and an infant son, the latter being his sole heir-at-law. To the former he bequeathed $10,000 and the interest on one-half of the residue of his personal estate during her life or widowhood. He died seised of certain real estate in the city of Petersburg, in this state; and the single question is, whether the widow is entitled to dower therein without a renunciation on her part of the provision for her in the will.

This question, it is conceded, depends on the intention of the testator. But the parties are not agreed as to the rule by which that intention is to be ascertained. For the appellant (the heir-at-law) it is contended that the law of Virginia applies; while, on the other hand, it is insisted that the matter must be determined according to the law of the testator's domicile—to-wit, the law of New York.

The hustings court took the latter view, and, as we think, correctly.

There is no rule of the common law better settled than that a will of personalty is to be construed according to the law of the place of the testator's domicile in which it is made; " and this rule equally applies," says Judge Story, " whether the judicial inquiry as to the meaning and interpretation of the will arises in the country where it is made, or in any other country." Story, Confl. Laws, sec. 479a.

" No matter in what country its construction comes in question," says another writer, " a court of that country must give to it the same interpretation and effect it would have in the

country of the decedent's domicile. And to this end it will inquire of the law of the domicile as a matter of fact, and have before it evidence showing how, in the country of the domicile, the instrument would be dealt with." 1 Rob. (new) Pr. 184.

In *Harrison* v. *Nixon*, 9 Pet. 483, the Supreme Court of the United States held the same doctrine. In that case it was said : " In regard to personalty in an especial manner, the law of the place of the testator's domicile  *  *  will govern in the interpretation of wills, unless it is manifest that the testator had the laws of some other country in his own view."

This rule, we must presume, was known to the legislature when the statute relied on by the appellant was passed; nor is there anything in the act indicating an intention to abrogate or change it.

It is an established principle that in all doubtful matters, and where the expression is in general terms, statutes are to receive such a construction as may be agreeable to the rules of the common law in cases of that nature, for statutes are not presumed to make any alteration in the common law further or otherwise than the act expressly declares. ·Bac. Abr. tit., Statute (I), 4.

Prior to the act of 1866 the statute provided as follows :

" If any estate, real or personal, intended to be in lieu of dower, shall be conveyed or devised for the jointure of the wife, such conveyance or devise shall bar her dower of the real estate or the residue thereof." Code 1860, ch. 110, sec, 4.

This statute was construed in *Higginbotham* v. *Cornwell*, 8 Gratt. 83, where it was held that a provision for the wife, to bar her dower, must not only have been so intended, but that such intent must appear from the conveyance or devise, either by express words or clear and necessary implication.

To change this rule of construction the amendatory act of 1866 was passed, which amended the statute by adding thereto these words : " And every such provision, by deed or will,

shall be taken to be in lieu of dower, unless the contrary intention plainly appears in such deed or will, or in some other writing signed by the party making the provision." Acts 1865–66, p. 166; Code, § 2270.

We concur in the view taken by the lower court, and contended for by the learned counsel for the appellee here, that this amendment was not designed to establish a rule of property, but only to prescribe a new rule of construction, and, therefore, that the same rule exists now that existed before the amendment, except as to the evidence of the intent with which the provision was made.

And being a rule of construction merely, it would seem to follow, necessarily, that the statute has no application to foreign wills of personalty, which, at common law, are to be construed according to the *lex domicilii.* In other words, the common law on the subject remains unaltered, since there is no sufficient evidence in the statute of an intention to change it, notwithstanding the broad terms of the act. As was said in the argument at the bar, the language is broad enough to cover any conveyance or devise to a wife, whether made by her husband or by any other person; and yet to hold that a settlement by a father upon his married daughter *prima facia* bars her dower in her husband's estate, would be absurd. " The intention of the law-maker constitutes the law." Hence the primary object in the construction of statutes is to ascertain and give effect to that intention, although the construction may not be in conformity with the strict letter of the law. It is the duty of the court, it has been said, to ascertain the meaning of the legislature from the words used in the statute and the subject-matter to which its relates, and to restrain its operation within narrower limits than its words import if the court is satisfied that the literal meaning of its language would extend to cases which the legislature never designed to embrace in it. *Brewer's Lessee* v. *Blougher,* 14 Pet. 178; *Petri* v. *Commercial Bank,* 142 U. S. 644; *Atkins* v. *Disintegrating Co.,* 18 Wall. 272; *O. & A. R.*

*R. Co.* v. *Alexandria,* 17 Gratt. 176; *Chalmers* v. *Funk,* 76 Va. 717.

We hold, therefore, that to ascertain the testator's intention upon the point in issue the will in question must be construed, as the common-law rule requires, according to the law of New York, which, as the evidence in the case shows, differs materi-. ally from our own statute. That law, it appears, is the same, in effect, as ours was before the act of 1866 was passed—that is to say, as was decided in *Konvalinka* v. *Schlegel,* 104 N. Y. 125, " where there are no express words, there must be on the face of the will a demonstration of the intent of the testator that the widow shall not take both dower and the provision."

Applying this rule of interpretation to the present case, the provision in the will for the appellee was not intended to be in lieu of dower, since, confessedly, there is no incompatibility arising on the face of the will between a claim of dower and a claim to the benefit of the provision. And as this view of the subject is decisive of the case, no other question discussed at the bar need be considered.

DECREE AFFIRMED.