# Wytheville.

## LAND v. SHIPP AND OTHERS.

### JUNE 14, 1900.

1. SEPARATE ESTATES—*Inchoate Dower—Release Directly to Husband—Sections 2501 and 2502 of Code.*—The contingent right of dower of a wife in her husband's lands is not a separate estate within the meaning of chapter 103 of the Code, and the wife, having no other estate with reference to which she might contract, is not bound by the provisions of a deed of separation, whereby she released directly to her husband her dower in her lands. Sections 2501 and 2502 of the Code relate to deeds from husband and wife to third parties.

2. JOINTURE—*Definition—At Common Law—In Virginia.*—Jointure at common law consists of an estate or interest in land to take effect in possession or profit immediately on the death of the husband, in satisfaction of dower, and it must so appear in the deed. It is an absolute bar only when made before marriage. If made after marriage, it only puts the wife to her election whether to accept the provision or claim dower. The only difference made by statute in Virginia is that the jointure may be of personal as well as real estate.

3. JOINTURE—*Essentials to Bar Dower.*—If, after the husband's death, the widow accepts a provision made for her in lieu of dower, she bars herself of dower, but if she has received the provision during her husband's lifetime, and has spent or wasted it, she may take her dower as if no provision had been made. It is necessary, in order to estop her, that she should have enjoyed the provision, or a part of it at least, after her husband's death.

4. HUSBAND AND WIFE—*Deed of Separation—When Void as to Wife—Money Consideration Paid by Husband—Dower.*—A deed between husband and wife alone, by which they attempt to dissolve their marital relations, and the wife, who has no separate estate, releases directly to her husband her inchoate right of dower in his estate, for a money consideration paid by him, is void as to the wife, and, upon the death of the husband, she may recover dower in his lands, at

NOTE BY THE REPORTER.—Judge Riely was not present when this opinion was delivered, but was present at the argument, participated in the conference and concurred in the opinion after it was prepared.

Opinion.

law or in equity, without accountability for the money, all of which she had spent in his lifetime.

5. DOWER—*Prior Deed of Trust by Husband and Wife—Dower in Equity of Redemption—Case in Judgment.*—A wife has an inchoate right of dower in the equity of redemption only in land of the husband conveyed by husband and wife in trust to secure his debt. In the case in judgment, the land having been sold in the lifetime of the husband, sections 2277 and 2278 of the Code also apply.

Appeal from a decree of the Circuit Court of Princess Anne county, pronounced March 27, 1899, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Burroughs & Bro.*, for the appellant.

*Wm. McK. Woodhouse*, for the appellees.

CARDWELL, J.:

This is an appeal from a decree of the Circuit Court of Princess Anne county, and the case is as follows:

Appellant, Laura L. Land, intermarried with John W. S. Land March 9, 1890, and they lived together as husband and wife till June 27, 1896, when they signed and acknowledged a deed of separation, which was admitted to record in the clerk's office of Princess Anne County Court. The deed recites that, "owing to an incompatibility of temperament, the parties mutually find it impossible for them to live happily and congenially together as husband and wife, and desire that each shall have the same liberty of person and personal rights, and the same power to manage, control, use, alien, or convey their respective separate estates, both real and personal, which they, or either of them, now own or may hereafter acquire, as if they were unmarried." The consideration stated is the premises and

$400 in cash paid by the husband to the wife, followed with a mutual agreement "that from that date the parties will live separate and apart from each other; that each shall and will refrain from interfering with the person or property of the other; that they mutually and severally release and quit claim dower, tenancy by the curtesy, and all other rights which they may respectively acquire, or may have already acquired, by reason of their marriage, in the property of each other; that each shall enjoy, free from molestation or interference of the other, the same freedom of person, the same rights of person and property, and the unrestrained power to manage, control, use, transfer, assign, alien or convey his or her separate estate then owned, or thereafter acquired, as if they had never been married." They further mutually covenanted and agreed that the child born to them should remain in the possession of the mother, free from the management and control of the father, and he to be in no manner held responsible for the support and maintenance of the mother or child.

On the date of the deed of separation, the husband executed a deed of trust, in which the wife did not unite, upon a tract of land, about 132 acres, situated in Princess Anne county, and the only real estate owned by the husband, to secure the payment of a debt of $569.47 for borrowed money, and out of which the $400 was paid to the wife.

Default having been made in the payment of the debt secured by this trust deed, the property was sold by the trustee, in the lifetime of the husband, to H. E. Shipp, at the price of $3,050, and, after the payment of the costs of sale, a debt of the husband secured by a former trust deed on the property, in which the wife united, the debt of $569.47, with interest, secured by the deed under which the trustee sold, the balance of the purchase money was paid over by the trustee to the husband. H. E. Shipp sold and conveyed the land on the 26th of May, 1898, to Emerson Land at the price of $3,500, having previously sold the

timber on it for $250, and her husband having died, appellant instituted this suit against H. E. Shipp and Emerson Land, appellees, claiming dower in the land and in the proceeds from the timber sold therefrom by Shipp. She alleges in her bill that she was forced by her husband's threats of violence to execute the deed of separation from him of June 27, 1896, but this is not clearly shown by the proof. Therefore appellees contend, first, that appellant is bound by the provisions of the deed of separation which relate to her dower, and, having relinquished it by deed duly of record, she cannot, after the death of her husband, assert her right of dower in the lands of which hē was seised during the coverture; and, second, that if the deed of separation did not release or relinquish appellant's dower in the land, she cannot assert claim to it and retain the money paid her in lieu thereof.

To sustain the first contention, it is necessary to regard the wife's inchoate right of dower in her husband's lands as her statutory separate estate, with reference to which she has the power, under the Married Woman's Act, chapter 103 of the Code, to contract. Sections 2501 and 2502 of the Code provide how deeds or conveyances by the husband and wife may be acknowledged for recordation, and the effect of such conveyances when recorded upon the dower of the wife, or her estate in the lands conveyed. They are substantially the same as the provisions in the Codes of 1873 and 1860, relating to the acknowledgment, recordation and effect of a deed by husband and wife, when recorded, upon the dower of the wife, etc., except that the privy examination of the wife is dispensed with.

In *Switzer* v. *Switzer*, 26 Gratt. 574, the question was raised as to the effect of the acknowledgment of a deed of separation between husband and wife under these statutes as they formerly stood, and it was held that they only applied to conveyances from husband and wife to a third party. Says the court in the opinion by Staples, J.: "It is the union of the husband and

wife as grantors that makes the instrument. operative." The court in that case, expressly waiving the decision of the general question as to whether any deed of separation was valid to any extent or for any purpose, held that a contract or agreement for separation, made directly with the husband, is void as to the wife, as her legal existence is merged in his, and she is presumed to be acting under his influence.

The " Married Woman's Act " makes no reference, directly or indirectly, to the rights of the wife in the husband's property, real or personal, acquired by the marriage. It simply enlarges the powers of the wife over property declared in the act to be her separate estate. There is nothing whatever in the *act* conferring upon the wife the power to *contract generally*, whether she had separate estate or not. *Hirth* v. *Hirth, ante* p. 121. Instead of enlarging the scope of the statute as it originally stood, and which makes provision as to how the wife may relinquish her right of dower in her husband's lands, the Legislature has, since the passage of the Married Woman's Act, restricted its scope by adding the following words thereto: " Such writing shall not operate any further upon the  wife or her representatives, by means of any covenant or warranty contained therein, which is not made with reference to her separate estate as a source of credit, or which, if it relates to her said right of dower, or to any estate or interest conveyed other than her own, is not made with reference to her separate estate as a source of credit. Section 2502 of the Code. The plain purpose of this amendment and its effect is, not the enlargement of the scope of the statute by reason of the Married Woman's Act, but a restriction, so as not to affect the separate estate, unless the covenants in the deed were made with reference to her separate estate as a source of credit.

In *Mason* v. *Mason*, 140 Mass. 63, the wife, by her deed, made in her husband's lifetime, in consideration of $300 paid her by the husband or out of his estate, undertook to convey to

Opinion.

a son of the husband and one of the devisees under his will, subsequently made, all right, title, and interest which she then had, or might thereafter have, in her husband's estate, expressly referring to her right of dower. After the husband's death the wife claimed dower in his estate, and the same defence was made to her demand as is made in the case at bar, and it was held that the wife's inchoate right of dower was not separate estate that the wife might dispose of in the life of the husband; that such a conveyance did not bar her dower, and that she was not compelled to refund the $300 as a condition of having her dower assigned. The opinion expressly says that the statute in force in Massachusetts, conferring upon a married woman the power to make contracts, must be limited in construction so as to exclude the right of a married woman to make contracts for the conveyance of her right of dower.

In *White* v. *Wager*, 25 N. Y. 328, it was held that the disability of a husband to take land by conveyance from his wife is not removed by the statute enabling her to devise and convey as if she were unmarried.

In *Flynn* v. *Flynn*, 171 Mass. 312, it was held that, until the husband's death and the actual assignment of the dower, the wife or widow has no "estate" in the land, but her interest is an inchoate charge, of a peculiar nature, which, while it may be released to a vendee of the husband, cannot be assigned or conveyed to any other. In *Moore* v. *New York*, 8 N. Y. 110, which was also a proceeding to condemn lands of a married man under the New York statutes, it was insisted that the wife was a necessary party defendant, but the court held, as in the case of *Flynn* v. *Flynn, supra*, that she was not, for the reason that, while her inchoate right of dower in the land was an interest which might be released, it was not the subject of grant or assignment, "nor is it in any sense an interest in real estate."

We are cited by counsel for appellees to *Jones* v. *Fleming*, decided by the Court of Appeals of New York, 104 N. Y. 418;

10 N. E. 693; and *Rhodes* v. *Davis*, 51 Mich. 306, as holding
that the wife's inchoate right of dower is her separate estate,
which she may release to her husband by virtue of the Married
Woman's Act.

The case of *Jones* v. *Fleming* is very unlike the case at bar.
In that case the contract was between the children of the hus-
band by a former marriage, the committee of the husband (a
lunatic), and the wife, by which the wife, in consideration of
$3,400 and the settlement of certain suits as to alimony, agreed
to release her right of dower in the husband's lands. The con-
tract was with a third party, the children of the husband, not a
contract with the husband. Besides, the court had, in several
previous cases, decided that a married woman, under their
statute, had the power to contract generally, and whether she
had separate estate or not at the time of the contract was im-
material. *Ackley* v. *Westervelt*, 86 N. Y. 448; *Teimeyer* v.
*Turnquist*, 85 N. Y. 516. This is contrary to the views ex-
pressed by this court in construing our Married Woman's Act.
*Hirth* v. *Hirth*, *supra*.

In *Rhodes* v. *Davis*, *supra*, the Supreme Court of Michigan,
construing the statute of that State, very similar to our Married
Woman's Act, does hold that a married woman's release to her
husband of her dower right, if made for a good consideration
and without fraud or improper dealing, is binding upon the wife.
In other words, the court took the view that the act permitting
the wife to dispose of her interests as if single, empowered her
to contract with reference to her inchoate right of dower in
her husband's estate, regarding her dower interest as her
statutory separate estate.

In this view we are unable to concur. It is not in accord with
the trend of the decisions of this court holding that the Married
Woman's Act gives to the wife such estate as is indicated by
the plain words of the statute, and such control of it as the
statute directs, and that in all other respects the relations of

husband and wife as to property remain unaltered. Section 2284 of chapter 103 (Married Woman's Act) is specific in enumerating the various species of property that constitute the separate estate of a married woman, and it is not possible, we think, by any liberality of construction, to bring the inchoate right of dower in lands, of which the husband is seised during the coverture, within its provisions.

The only ground upon which appellant could be required to refund the $400 paid to her by her husband before having dower assigned in the lands in question, is, that the deed of separation of June 27, 1896, created a statutory jointure, and that she cannot retain the jointure and have dower in the land. Sections 2270 and 2271 of the Code as to the jointure differ from jointure at common law only in that, under the statute, it may be of personal as well as real estate. At common law the essentials of jointure were: It must consist of an estate or interest in land, to take effect in possession or profit immediately on the death of the husband, and must be made in satisfaction of the dower, and so appear in the deed. It is an absolute bar only when made before marriage; if made after marriage, it only puts the wife to her election whether to accept the provision, or claim dower.

Under the statute, as well as at common law, a provision in lieu of dower is to take effect at the death of the husband, for it is then that the widow is put to her election as to whether she will accept the jointure, or claim dower in her husband's estate, and the provision of the statute is, that "when she shall elect and receive her dower, the estate so conveyed or devised to her shall cease and determine." Section 2271.

If, after the husband's death, the widow accepts the provision made for her in lieu of dower, she bars herself of dower, but if she has received the provision during her husband's life, and has spent or wasted it, she may take the dower as if it had not been made. It is necessary, in order to estop her, that she should

have enjoyed the provision, or a part at least, after her husband's death.  5 Am. & Eng. Enc. L. 911, and authorities cited.

The deed of separation in this case contains none of the elements of a jointure.  It is nothing more or less than an attempt to dissolve the marital relations between the parties, to obtain from the wife a release, directly to her husband, of her inchoate right of dower in his estate, and to place upon her the support of herself and the child of the marriage.  In the condition in which the wife was thereby placed, the money consideration for entering into the contract was readily consumed in the use for the support of herself and child.

The wife being without power to make such a contract, it is absolutely void as to her, and therefore does not bar her dower in the lands of which the husband was seised during the coverture.

Nor can she, upon equitable grounds, as is contended, be required to refund the $400 paid her in lieu of her dower.  Her claim to dower is a common-law right, which she could enforce at law or in equity.  True, she chose to assert her claim in a court of equity, but she is not seeking equitable relief in the cancellation of a release or relinquishment of her dower.  She is entitled to dower in the estate of her husband to the extent to which she has not released or relinquished it in a manner authorized by law, and her right is in no way affected by the deed of separation of June 27, 1896.

The learned judge of the court below having taken the view that appellant was not, by reason of the deed of separation, entitled to dower at all in the lands in question, did not, of course, pass upon the character or extent of her dower interest therein. She claims dower in the lands and in the proceeds from the sale of the timber received by appellee, H. E. Shipp.  It is contended for her that as the debt secured by the trust deed upon the land made by the husband during the coverture, in which she united, had been satisfied, her right of dower in the land was again in

full vigor, although the debt thereby secured was paid out of the proceeds from the sale of the land by the trustee in the subsequent deed of the husband, in which the wife did not unite. In this view we cannot concur. The deed of separation being a nullity as to appellant, her right of dower in her husband's estate, at his death and now, are the same as if it had never been entered into. That is to say, the sale by the trustee in the subsequent deed of trust given by the husband during the coverture, did not affect appellant's right of dower in the land to any further extent than a deed of conveyance by the husband to the purchaser would have affected her right. When the deed of trust by the husband, under which the land was sold, was executed, appellant held her inchoate right of dower in the equity of redemption in the land, which was all the husband could convey to the trustee, and upon the death of the husband, this right of dower became consummate, she not having released or relinquished it in any mode authorized by law. *Wheatley's Heirs* v. *Calhoun*, 12 Leigh, 264, and section 2269 of the Code. Sections 2277 and 2278 of the Code also apply.

The decree of the Circuit Court dismissing appellant's bill will be reversed, and the cause remanded for further proceedings therein in accordance with this opinion.

KEITH, P., concurs in the opinion of CARDWELL, J.

Note by BUCHANAN and HARRISON, JJ.:

We concur in the opinion, except so far as anything said therein may be construed as deciding to what extent a married woman relinquishes her right of dower, when she unites with her husband in a deed of trust, to secure a debt upon his real estate. That question does not arise in this case, and we do not wish to be understood as expressing any opinion upon it.

*Reversed.*