# Richmond

## ANNIE E. TUSING v. CHARLES G. TUSING, EXECUTOR OF M. F. TUSING, ET ALS.

November 11, 1937.

Present, All the Justices.

The opinion states the case.

*Philip Williams,* for the appellant.

*R. S. Wright, Jr.,* for the appellee.

BROWNING, J., delivered the opinion of the court.

The executor of M. F. Tusing, deceased, filed a bill in equity asking the Circuit Court of Shenandoah county, Virginia, to construe the will of his testator and particularly to instruct him as to the validity of the claim of Annie E. Tusing, widow of M. F. Tusing, and the appellant here. The construction of the will is not a matter of contest in this case and no further comment will be made as to it.

M. F. Tusing and Annie E. Tusing were married in the year 1924. They lived together as husband and wife in the town of New Market, Virginia, for nearly three years. At the time of their marriage, M. F. Tusing was a widower about 69 years old and Annie E. Tusing was a widow about 35 years old. The husband had one child by his first wife, a son, and the wife had one child, a daughter, by her first husband. About three months after their marriage the husband executed two bonds, each in the sum of $1,000, payable to his wife at six and twelve months after his death, and he also executed a deed of trust conveying real estate, in the town of New Market, to secure them. The bonds and the deed of trust contained the declaration that the consideration for the former was that they were executed in lieu of dower in the estate of the obligor and grantor. Subsequently, the first of the bonds mentioned was assigned, for value, by Annie E. Tusing.

On September 10, 1924, which is the date of the bonds and the deed of trust, Annie E. Tusing executed a deed of

release, relinquishing to M. F. Tusing all right to dower in any lands then owned and possessed by him or which he might thereafter acquire. In this deed of release, it is stated that M. F. Tusing had executed the two bonds referred to and the consideration for them was that they were in lieu of the dower of Annie E. Tusing in the estate of her husband, and the deed of trust securing the said bonds was recognized and it was further stated in the preamble that it was desired that M. F. Tusing should hold all his real estate, except that conveyed by said deed of trust, and have the right to sell the same free from any right of dower.

In February, 1927, M. F. Tusing instituted a suit for divorce from Annie E. Tusing and, in January, 1931, a decree *a mensa et thoro* was awarded him and, by its terms, the marital property rights of each of them were extinguished and annulled.

The said M. F. Tusing died testate in March, 1935, but, as already suggested, we are not concerned with the provisions of his will except inferentially with the last clause of the last codicil, which directed that his real estate in the town of New Market should be sold as soon after his death as could be conveniently done and from the proceeds all of his debts should be paid. It will be remembered that this real estate was conveyed as the security for the payment of the said bonds.

Much of the matter contained in the briefs is devoted to the question of the validity of the deed of release, of Annie E. Tusing, of her inchoate right of dower to her husband while she was under the legal limitations of coverture and, also, the effect of the provisions of the decree *a mensa* on the ground of desertion and the absence of any reconciliation of the parties.

It may be pertinent to say that Annie E. Tusing, on October 8, 1929, two years and a half after the institution of the divorce suit referred to, joined in a deed with her husband conveying to a grantee a certain lot, for which he was paid $2,500.

Annie E. Tusing demurred to the bill and filed an original and an amended answer thereto. The demurrer was over-ruled and the answers were stricken out and her claims, based upon the bonds and trust deed, were held to be void and unenforceable on account of failure of consideration, the alleged consideration being illegal.

Among other matters of defense urged in her answer was the contention that the bonds and deed of trust constituted a conveyance of personal estate of the husband intended to be in lieu of dower and, as jointure of the wife, was a bar to her dower rights in his real estate in accordance with the provisions of section 5120 of the Code of Virginia. She fur-ther urged that such a settlement, or conveyance, does not require the approval of the wife nor any consideration as its basis.

A very excellent opinion, prepared by the learned trial judge, appears in the record, which accentuates the im-portance of the existence of the right of dower in the wife at the death of the husband and that there must be a con-sideration for the creation of jointure. We differ from him in this. The wife's inchoate right of dower existed when the conveyance was made and the jointure came into being. The husband could not, of his own volition, subsequently abrogate it, and no subsequent divorce proceedings could nullify it. The jointure statute requires no declared con-sideration. Of course, there is always present the statutory mandate that the intention is that the conveyance is in lieu of dower.

We think the only question which needs to be considered in order to determine the issue is whether the provisions of section 5120 are applicable to the circumstances of the case.

We think the statute is controlling. The convey-ance and the bonds constitute a jointure. The statute does not require a consideration, nor is a statement of the intent of the settlement required. If the husband does not intend or desire the conveyance, or settlement, to operate as a join-ture he must so declare it in the instrument.

The case of *Land* v. *Shipp*, 98 Va. 284, 36 S. E. 391, 394, 50 L. R. A. 560, involved the construction of a deed of separation between a husband and wife in which there was a provision for the release of the wife's dower, in the lands of the husband, to him, and the consideration stated was the premises and $400 to the wife. It was held that the deed contained none of the elements of a jointure; that the wife was without power to make such a contract and, therefore, it was void as to her.

It was said: "At common law the essentials of jointure were: It must consist of an estate or interest in land, to take effect in possession or profit immediately on the death of the husband, and must be made in satisfaction of the dower, and so appear in the deed. It is an absolute bar only when made before marriage; if made after marriage it only puts the wife to her election whether to accept the provision or claim dower."

It is noted that the Virginia statutory jointure differs from that of the common law in that it may be personal as well as real estate.

The late eminent Dr. W. M. Lile, then editor of the Virginia Law Register, subsequently the Dean of the law school of the University of Virginia, in his editorial note of approval of this decision, said of jointure:

"* * * That under sec. 2270 of the Code, the 'jointure' therein referred to as operating to bar dower, does not include property in which a present estate is settled upon the wife, but is confined to settlements to take effect at the death of the husband."

As has been said, the bonds in the immediate case, which were executed and delivered to the wife, Annie E. Tusing, by her husband, after being secured by a deed of trust on certain real estate, were payable six and twelve months, respectively, after the date of the death of the husband, the obligor. Thus we have a settlement upon the wife in personalty, to take effect in profit at the death of the husband, but the complete enjoyment thereof is postponed to include the period allowed by law within which she could require

payment and within which she could be required to make election. It is noteworthy that the second bond bore interest from the date of the death of the obligor until payment.

In Wills and Administration, Harrison, vol. 1, p. 42, statutory jointure is defined and distinguished from common law jointure: "The statutory jointure differs from the common law jointure (1) it may be made before or after marriage, but if made after the marriage, the wife has an election as will presently be seen, (2) it may be either in real estate or personal estate, (3) the intent is a matter of construction, (4) the extent of the estate created need not be a freehold, (5) in statutory as at common law it takes effect immediately upon the death of the husband."

In the case of *Payne* v. *Payne,* 128 Va. 33, 104 S. E. 712, 715, it was said, Judge Prentis, afterwards Chief Justice Prentis, delivering the opinion: "The appellants assign as error the holding that the bequest of all the personal property to the widow was in lieu of dower.

"As to this, it is only necessary to cite the statute, Code 1919, section 5120, which expressly provides that every bequest, devise or conveyance to the wife shall be taken to be intended in lieu of dower, unless the contrary intention plainly appears in such deed or will, or in some other writing signed by the party making the provision. So that this assignment is clearly without merit."

We note again that each of the two bonds referred to contain this provision: "The consideration of this bond is that it is executed and given in lieu of dower in any and all the estate of which I may die seized and possessed."

The deed of trust securing the bonds bears this notation: "* * * and the consideration of both bonds being that they are in lieu of dower."

Thus there can be no question as to the intention of the husband. It is expressed in plain terms in the instruments of settlement.

In the case of *Craig's Heirs* v. *Walthall,* 14 Gratt. (55 Va.) 518, this court held: "It is not required that the jointure

should begin at any particular period, or be of any particular duration of time."

The record here shows that the wife, Annie E. Tusing, elected to accept the jointure in lieu of dower, although there are statements in her answer which rather negative this.

In the case last cited it was said on this point: "In one case, it is shown that the widow had full knowledge of the property given her by the will; she had it in her own possession; she repeatedly and expressly declared that she accepted and held the property as a full satisfaction of her interests in her husband's estate, and refused to take steps necessary to obtain anything further from the estate. That an election may be made by acts *in pais,* seems to be well settled by the courts. 1 Lom. Dig. p. 146 of new edition, 121 of old; 1 Bright on Husband and Wife, 546."

The statute was then as it is now, in respects material hereto. In the present case the wife, Annie E. Tusing, accepted the bonds and the deed of trust, which was recorded, all of which bore the language quoted above, expressive of their purpose to be in lieu of dower. They were in her possession. She held them and actually assigned one of them for value.

See *Nelson's Adm'r* v. *Kownslar's Ex'r,* 79 Va. 468, 476, 479.

"Jointure to be a complete bar to dower must have been made before marriage. If it is made after marriage the widow has her election either to accept it or to take her dower at common law. But an acceptance of the benefits provided for constitutes an election to accept the jointure in lieu of dower." 19 C. J. 508, sec. 146.

It follows that we are of opinion that the two bonds constitute a valid charge against the estate of M. F. Tusing.

As a matter of equity the wife is entitled to the provision which her husband made for her. She, a young woman in the prime of life, married a man twice her age and lived with him for nearly three years. We do not know why they could not or did not continue to live together. That

she is to benefit by the provisions of the law appropriate to her case seems happily consonant with good conscience.

The decree of the trial court is reversed and the case is remanded for the entry of such decree as will carry out the principles herein expressed.

*Reversed and remanded.*