# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

Cornelious Parker

March 10, 1978

Case No. F-77-1074

## By JUDGE JOHN W. WINSTON

Cornelious Parker stands charged with (1) obtaining food stamp coupons by false pretense and (2) the theft of such coupons. These offenses involve the same property (valued over $100) and the same period of time. Since the Commonwealth has chosen to proceed under the false pretense charge only (see Order entered February 17, 1978), further comment below will be confined to that charge.

Mr. Parker moves to quash the indictment because a period of more than five years has elapsed since the offense was allegedly committed and before he was arrested and charged.

His position is that "a prosecution for obtaining, attempting to obtain, aiding or abetting in obtaining public assistance under the Virginia Public Welfare and Assistance Law by means of a willful false statement, representation, impersonation or other fraudulent device, shall be commenced within five years next after the commission of the offense," (Virginia Code § 19.1-8, now § 19.2-8) and that the Commonwealth is thereby precluded from arresting and prosecuting him now.

The Commonwealth opposes the motion, first because it did not proceed under Virginia Code § 63.1-124 of the Virginia Public Welfare and Assistance Law to which Virginia Code § 19.1-8 (now Virginia Code § 19.2-8) refers. Rather it elected to proceed instead under Virginia Code § 18.1-118 (now Virginia Code § 18.2-178).

The Commonwealth also opposes the motion because Section 63.1-124 did not repeal § 18.1-118 (now § 18.2-178) in welfare fraud situations since there is no clear evidence that the legislature intended any such result.

The first position taken by the Commonwealth requires little comment. For it is well settled that where two statutes or ordinances cover the same identical criminal offense as here, the Commonwealth may elect under which statute or ordinance it will proceed to prosecute, even though the offense may be a felony under one of those laws and a misdemeanor under the other. *Hensley v. City of Norfolk*, 216 Va. 369, 373 (1975); *Mason v. Commonwealth*, 217 Va. 321 (1976). Hence, the Commonwealth could properly elect to proceed under § 18.1-118 (now § 18.2-178).

The second position of the Commonwealth is somewhat more difficult to resolve because the intent of the legislature must be determined to resolve the question whether Section 63.1-124 repealed § 18.1-118 (now § 18.2-178). *Shackelford v. Shackelford*, 181 Va. 869 (1943); *Mandell v. Haddon*, 202 Va. 979 (1961).

That § 63.1-124 is the later enacted statute is unquestioned. The general statute (§ 18.1-118, now Section 18.2-178) making it larceny to obtain money by false pretense has been in effect since sometime before 1887 (Code of Virginia 1887, § 3722). The Virginia Public Assistance Act (§ 63-100 et seq., now § 63.1-86 et seq.) on the other hand was enacted in 1938 (Acts of Assembly, Virginia, 1938, Chapter 379, page 638).

The language of that Act does not contain any suggestion that the 1938 session of the General Assembly of Virginia by § 63.1-124 intended to limit welfare fraud prosecutions to the misdemeanor crimes described in such Act and to preclude the use by the Commonwealth of the general statute (§ 18.1-118, now § 18.2-178) for their prosecution as either felonies or misdemeanors.

But Parker says that the later 1956 amendment and reenactment of § 19.1-8 (now § 19.2-8) changed all that.

Such amendment and reenactment directed that both all the prosecutions for petit larceny and all misdemeanor prosecutions under the Virginia Public Assistance Act, Section 63-100 et seq., (now called Virginia Public Welfare and Assistance Law, § 63.1-86 et seq.) now be commenced within five years after the commission of the offense. Before this amendment was added, § 19.1-8 (now § 19.2-8) had required only petit larceny prosecutions to be commenced within five years, with other misdemeanor prosecutions required to be commenced within one year. Such difference permitted the Commonwealth to avoid the one-year limitation bar applicable to prosecutions under the Act by instead proceeding under § 18.1-118 (now § 18.2-178) to get the benefit of the five-year limitation applicable there. For similar situation, see *Quillen v. Comm.*, 105 Va. 874 (1906).

The elimination of this variance was what the legislature desired and intended when it amended and reenacted Section 19.1-8 (now § 19.2-8) in 1956, and nothing more.

This interpretation of legislative intent is supported by the language of § 63.1-289.1 as enacted in 1975 by the legislature which authorizes the Attorney General of Virginia to assist in the conduct of welfare prosecutions under § 18.2-178 (formerly § 18.1-118) as well as Section 63.1-124. And by the language of § 63.1-289.2 as also enacted by the legislature in 1975 which relates to the prosecution of welfare fraud cases pursuant to § 18.2-95 (grand larceny), § 18.2-96 (petit larceny) and § 63.1-124.

Because a felony and not a misdemeanor charge was asserted against Parker no limitation barred the commencement of his prosecution. And because the legislature has not precluded the Commonwealth from asserting felony charges against a welfare recipient such as Parker, his prosecution may proceed. The motion to quash will therefore be overruled with Parker's objection noted.