## CHARLESTON.

COUCH *v.* EASTHAM.

Submitted March 7, 1911. Decided November 14, 1911.

1. DOWER—*Property Subject—Estate of Inheritance.*

Where one is seized of an estate in land that is limited only on his dying without lawful children, the estate, being one that can pass to heirs if lawful children are born, is an estate of inheritance in which his widow is dowable though it expires by failure of issue. (pp. 711-12).

2. SAME—*Estates and Interests Subject to—Rights of Widow.*

A widow is dowable to the extent of one-third of the real estate whereof the husband, or any one to his use, at any time during the coverture, was seized of an inheritance, such as that issue of the marriage might inherit the same as heir to the husband, unless her right to dower therein has been lawfully barred or relinquished. (p. 712).

3. WILLS—*Construction—Language of Instrument.*

A will that is clear and unambiguous in its terms must be interpreted by those terms. The true inquiry is not what the testator meant but what the terms used by him express. (p. 712).

Appeal from Circuit Court, Mason County.

Bill by Mary Catherine Couch against Sarah F. Eastham. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*Mollohan, McClintic & Mathews, Rankin Wiley* and *Harry Couch Eastham,* for appellant.

*J. S. Spencer* and *Sommerville & Sommerville,* for appellee.

ROBINSON, JUDGE:

By this suit the widow of Peter S. Couch prays that dower be assigned her in the lands devised to her husband by the will of his father, Samuel Couch. Her right to dower therein is denied by the defendant, Sarah F. Eastham. The case presents a single question: Is the plaintiff entitled to dower?

The answer to the question must be determined by a consideration of the following paragraph in the will of Samuel Couch:

"I give and devise unto my son Peter S. Couch the farm on which I reside in Mason County, West Virginia containing about Nine Hundred and Fifty Acres, but it being my desire to divide my property as near equally as may be between my two children Peter S. Couch and Sarah Frances Eastham. I direct my said son Peter S. Couch to pay his sister Sarah F. Eastham the sum of Four Thousand Dollars and I hereby make the said sum of Four Thousand Dollars a lien and charge upon the real estate aforesaid devised to said Peter S. Couch, until the same is paid to said Sarah F. Eastham or her heirs, but in event the said Peter S. Couch shall die leaving no lawful children surviving him, but leaving his wife Mary Catherine Couch surviving him, it is my will and desire that the title to all my real estate aforesaid shall pass to and be vested in my daughter Sarah Frances Eastham or children if she be not living upon the payment by her or her said children to said Mary Catherine Couch of the sum of Four Thousand Dollars, but in the event that said Mary Catherine Couch shall not then be living, it is my will and desire that said real estate shall pass to and vest in my said daughter, Sarah F. Eastham, or in case of her death to her children without the payment of anything in consideration therefor." A codicil to the will reduced the last named sum of four thousand dollars to two thousand dollars.

This same paragraph of the will of Samuel Couch, twice before, in the life time of Peter S. Couch, has been involved in suits in this Court. *Couch* v. *Eastham,* 27 W. Va. 796; *Couch* v. *Eastham,* 29 W. Va. 784. But, of course, in neither of those cases was the character of the estate devised to Peter S. Couch viewed in relation to dower. Now that he has departed this life leaving no issue, and Sarah F. Eastham has paid to his widow the two thousand dollars pursuant to the terms of the will and the codicil thereto, this subsequent controversy about the right of dower arises.

The will gave Peter S. Couch a defeasible fee in the land. He held an estate in fee simple which would shift in the event of his dying without lawful children. The fee continued in him until he died without issue. If lawful children had been born to him, the estate was one which they could have inherited as

his heirs. Since the estate of which he was seized was one that could pass to his heirs, it was an estate of inheritance. It is to estates of this character that dower attaches. Code 1906, ch. 65, sec. 1. "The widow is dowable of all the real estate whereof the husband, or any one to his use, at any time during the coverture, was seized of an estate of inheritance, such as that issue born of the marriage may, by possibility, inherit the same as heir to the husband, unless her right to such dower has been lawfully barred or relinquished." 2 Minor's Inst. (4th ed.) 147. Though the estate of Peter S. Couch in the land expired when he died without leaving children, still his previous seizen of the estate of inheritance therein during the coverture is a basis of dower in his widow. "If the consort's estate expires by the regular efflux of the period originally marked out for its duration, leaving the previous seisen of the consort unimpaired, dower (and curtesy) are prolongations of the consort's estate, annexed by force of law." 2 Minor's Inst. (4th ed.) 153. So, we must observe, Samuel Couch by his will vested such a title in his son, gave him such a seizen of the land, that dower in the son's widow was annexed thereto, by force of law, as a prolongation of the son's estate. That Peter S. Couch held a defeasible fee and that his widow is dowable therein unless her right has been lawfully barred or relinquished, is clear. *Tomlinson* v. *Nickell*, 24 W. Va. 148; *Nickell* v. *Tomlinson*, 27 W. Va. 697.

It is, however, insisted that Samuel Couch did not intend that the widow of his son should take dower in the land. What he did intend must be determined from the will itself. The will is clear and unambiguous. We cannot change it and thereby make a new will. The testator plainly gave his son an estate in which the widow of the latter was dowable. This imports that the testator intended her to have dower, after the son's death. He must be presumed to have known the legal consequences of his will. Whether Samuel Couch could have so devised an estate of inheritance to his son by terms of the will as to cut off right of dower therein, we need not decide. The will does not undertake to cut off dower. It does not directly affirm that the son's widow shall have no dower. Nor does it say that the two thousand dollars to be paid by Sarah F. Eastham to the son's widow shall be in

lieu of dower.  We cannot assume or conjecture that the testator meant that sum in place of dower when he says nothing to that effect.  The plain import of the will from the terms used is that the widow of his son may take dower and receive the two thousand dollars also.  We cannot hold that the will means that Sarah F. Eastham is to have the immediate possession of all the land at the death of Peter S. Couch, for none of the terms used warrant that meaning.  The will does not say that the possession of the land is to pass to Sarah F. Eastham if Peter S. Couch dies without lawful children and leaves a widow.  It says the "title" to the land is "to pass to and be vested in" Sarah F. Eastham in that event.  The use of these words is consistent with the right of dower claim.  "Title" does not mean "possession".  Dower is mere right to possession, not title.  In short, Samuel Couch gave to his son an estate in which he must have known that the son's widow could take dower, and used no words promulgating an intention contrary to her taking dower.  Why he gave a dowable estate, and why he also provided that a sum of money should be paid to the widow, is not for us to inquire.  It is enough that we see that he did so by the plain language of his will.  It may be that he meant to return to the widow at least a portion of the four thousand dollars paid by her husband.  Relative to this same will it was held in a former case: " In the interpretation of a will, the true enquiry is, not what the testator meant to express, but what do the words used express." *Couch* v. *Eastham,* 29 W. Va. 784.

The decree is a proper one.  It will be affirmed.

*Affirmed.*