# Richmond

ANNIE NEAL SNIDOW AND OTHERS v. YVONNE D. SNIDOW.

March 12, 1951.

Record No. 3734.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*W. B. Snidow* and *Samuel A. Martin,* for the appellants.

*J. Livingstone Dillow,* for the appellee.

MILLER, J., delivered the opinion of the court.

This litigation involves the right of appellee, Yvonne D. Snidow, to dower in 237.8 acres of land in Giles county. She is the widow of Robert C. Snidow who died testate on March 2, 1945, without having had issue. At the time of his death he was seized of a determinable fee in a one-third undivided interest in the tract of land mentioned. His estate or interest had been acquired by devise from his mother, Elizabeth E. Snidow. She died testate on October 1, 1937, survived by three sons, John, Frank and Robert. She willed one-third of her estate to John in fee, and one-third to Frank's wife, Annie Neal Snidow, upon certain conditions here immaterial. Robert was left a defeasible fee in the remaining one-third of her estate. The paragraph under which he took reads as follows:

"One-third to Robert C. Snidow subject however to this condition that should he die without issue, his share shall go to the other two, that is John J. Snidow and Annie Neal Snidow, or their children share and share alike."

Recently and subsequent to Robert's death, suit was instituted by several of the parties interested in the tract of land. They sought adjudication of their rights and partition of the real estate.

In the trial court appellee filed a petition in which she asserted that she was entitled to dower in the one-third interest of which her husband died seized of a defeasible fee. The other interested parties, who are the appellants in this cause, contested her claim. In their answer to her petition they asserted that Robert Snidow by his last will and testament left all of his estate, which was considerable, to appellee; that as his will made no reference to this tract of land, he "intended that the provisions which he made for his said widow should be in lieu of all claims of dower," and that he never believed or intended that his widow should be "endowed in the said lands", devised to him by his mother. It also stated that she waived, relinquished and is estopped to claim dower in this tract of land, if she ever enjoyed such right, by taking under her husband's will. Secs. 64-31 and 64-32, Code, 1950.

This answer was stricken out by the court as insufficient in law. The effect of this ruling was to adjudicate the principles of the cause and upon partition of the tract of land, appellee will be entitled to dower in an allotted one-third thereof.

By his will, Robert Snidow left all of his estate "of whatsoever kind and nature" to appellee, but with the proviso that if she pre-deceased him or they died "from the same accident at approximately the same time" his estate should go to designated members of her family, with the exception that one of his brothers was in that event to receive a monetary bequest.

Under these circumstances, where the husband died without issue, is the widow entitled to dower in the land devised to her husband, his estate therein being defeasible under an executory devise over upon his dying without issue?

Appellants' contention and defense to appellee's claim is two-fold. They assert (1) that the widow is not entitled to dower in a defeasible estate of this character because her husband's estate was actually determined by operation of the executory limitation and all dower interest was also thus defeated, and (2) that if it be concluded that she was entitled to dower, her right thereto was relinquished and barred under the provisions of the jointure statutes, (Secs. 64-31 and 64-32, Code, 1950) upon her election to accept the estate left her under her husband's will.

In 1 Minor on Real Property, (2nd Ed. Ribble), sec. 248, p. 316, dower at common law is defined thus:

"Where a woman marries a man lawfully seised at any time during the coverture of an estate of inheritance, such as that the issue of the marriage (if any) may by possibility inherit it as heirs to the husband, and the husband dies, the wife, surviving, as tenant in dower, is entitled to have one-third thereof assigned her for life as a prolongation of the husband's estate annexed by law."

In section 266, p. 340, the author also says: "While it is not necessary, in order that the wife may take dower, that there should be any issue of the marriage, yet it is essential that the husband's inheritance be of such character that it may descend upon the issue of the marriage, should there be any, as heirs of the husband."

The definition given by Mr. Minor in sec. 248, *supra,* is adopted in 6 M. J., sec. 3, p. 362. See also Graves, Notes on Real Property, sec. 286; 1 Th. Co. Lit., p. 578; *Virginia-Carolina Chemical Co.* v. *Walston,* 187 N. C. 817, 123 S. E. 196; *Couch* v. *Eastham,* 69 W. Va. 710, 73 S. E. 314, 39 L. R. A. (N. S.) 307.

In Vol. 1, Minor on Real Property, (2nd Ed. Ribble), sec. 249, p. 317, the author quotes that portion of the Virginia statute

defining dower now appearing as a part of sec. 64-27, Code, 1950. In a footnote he refers to the case of *Jones* v. *Hughes* (1876), 27 Gratt. (68 Va.) 560, and says that decision " * * * seems to assume the common law requirement as still in force in Virginia."

The language quoted by Mr. Minor, and now contained in sec. 64-27, Code, 1950, was in effect at the time of and has not been altered since the death of Elizabeth E. Snidow. It follows:

Sec. 64-27. "A widow shall be endowed of one-third of all the real estate whereof her husband, or any other to his use, was at any time during the coverture, seized of an estate of inheritance, unless her right to such dower shall have been lawfully barred or relinquished; * * *."

See also sec. 64-43, Code, 1950.

There is conflict of authority upon the question of whether or not a widow is entitled to dower in a defeasible fee of this character. The Virginia decisions of *Jones* v. *Hughes, supra,* and *Medley* v. *Medley,* 27 Gratt. (68 Va.) 568, are to the effect that dower exists where the estate of the husband is determined by such an executory devise.

In the *Jones Case, supra,* at page 565, it is said:

"Upon the whole, the court is of opinion that John D. Hughes, the husband, having died seized of an estate in fee, determinable by an executory devise over upon his dying without issue, his widow was entitled to dower in said estate."

In *Medley* v. *Medley, supra,* decided along with the *Jones Case, supra,* the same question was presented and a like conclusion reached.

Under a statute similar to ours, the West Virginia court adhered to the same view in *Couch* v. *Eastham, supra,* and said:

"The will gave Peter S. Couch a defeasible fee in the land. He held an estate in fee simple which would shift in the event of his dying without lawful children. The fee continued in him until he died without issue. If lawful children had been born to him, the estate was one which they could have inherited as his heirs. Since the estate of which he was seized was one that could pass to his heirs, it was an estate of inheritance. It is to estates of this character that dower attaches." (69 W. Va. at p. 711.)

That the widow has dower in a defeasible fee though her husband's estate be determined by an executory limitation is asserted in 2 Minor's Institutes (4th Ed.) Ch. VIII, p. 155. It is there said:

"If the husband's estate is determined by an executory limitation, the wife is, notwithstanding, to be endowed." The *Jones* and *Medley Cases, supra,* are cited by the author as authority for his statement.

In *Corr* v. *Porter* (1880), 33 Gratt. (74 Va.) 278, and *Snyder* v. *Grandstaff* (1898), 96 Va. 473, 31 S. E. 647, 70 Am. St. Rep. 863, the circumstances were materially different from those obtaining in the *Jones* and *Medley Cases.* Yet in both of these more recent decisions the *Jones* and *Medley Cases* are referred to, and in the *Snyder Case,* (at p. 482) we find this statement: "It has been decided in Virginia that widows are endowable in defeasible fees of this character, even where the husband died without issue."

The rule of decision announced in *Jones* v. *Hughes, supra,* and *Medley* v. *Medley, supra,* has been recently set out in 6 M. J., "Dower", sec. 29, p. 386, wherein it is said.

"If a devise of land is defeasible by the death of the devisee without lawful issue of his body, and the devisee so dies, his widow is entitled to dower in the land."

See also Scribner on Dower, 2nd Ed. Vol. 1, p. 317, where the two Virginia cases are cited and in an annotation we find:

"In Virginia it has been held that a widow is entitled to her dower where the estate of the husband is determined by executory devise."

Appellants, however, insist that the contrary view, which is to the effect that the widow is not dowable in a defeasible fee of this character where the husband's estate is determined by an executory limitation over, is the more logical and should be now adopted. It is pointed out that the decisions of *Jones* v. *Hughes, supra,* and *Medley* v. *Medley, supra,* followed the English case of *Buckworth* v. *Thirkell* (1785), 3 Bos. and Pul. 652, 127 Eng. Reps. (Reprint) note (a) p. 351, which they say has been criticized and disapproved in certain decisions and by textwriters. *Edwards* v. *Bibb,* 54 Ala. 475, 485. It is insisted that dower is derivative in nature and when the husband's estate is determined, the contingency, if it defeats his estate, likewise terminates and defeats her dower. Reliance is had upon the Restatement of the Law of Property, Vol. 1, sec. 54, p. 190, where it is stated:

"The surviving spouse of a person who has an estate in fee simple defeasible has the same dower interest or curtesy in-

terest, in the land so held, as if the deceased spouse had had an estate in fee simple absolute therein, except that this interest of the surviving spouse is subject to the defeasibility which existed as to the estate of the deceased spouse.''

Of like effect is 28 C. J. S., sec. 26, p. 87.

In 22 L. R. A. (N. S.) p. 691, (1908); 17 Am. Jur., "Dower", sec. 36, pp. 688-89, and Vol. 2, Thompson on Real Property, (Permanent Ed.) sec. 887, p. 604, the conflict of authority upon this subject is recognized and the two views stated.

We are of opinion that since 1876, the principle announced in *Jones* v. *Hughes, supra,* and *Medley* v. *Medley, supra,* has been accepted as the law of Virginia. For seventy-five years it has been a settled rule of property. Under the doctrine of *stare decisis,* we are not justified in now changing that interpretation of the dower statute and that fixed rule of property. *Fuller* v. *Virginia Trust Co.,* 183 Va. 704, 33 S. E. (2d) 201; 21 C. J. S., "Courts", sections 187, 214 and 216, pp. 302, 388, and 396; 14 Am. Jur., "Courts", sections 59, 60, 65, and 66, pp. 283, 284, 286, and 287.

This brings us to appellants' second contention which is that under the jointure statute, section 64-31, Code, 1950, (see also sec. 64-32), appellee's election to take under her husband's will bars her right and claim to dower. Section 64-31 is set out below and except for an amendment by Acts of Assembly, 1938, ch. 395, p. 745, immaterial to the question now presented, it has remained unchanged since 1866. (Acts of the Assembly, 1865-66, ch. 49, p. 166.)

Sec. 64-31: "If any estate, real or personal, intended to be in lieu of dower, shall be conveyed or devised for the jointure of the wife, to take effect in profit or possession immediately upon the death of her husband and continue during her life at lease, such conveyance or devise shall bar her dower of the real estate, or the residue thereof, and every such provision, by deed or will, shall be taken to be intended in lieu of dower, unless the contrary intention plainly appear in such deed or will, or in some other writing, signed by the party making the provision.''

In sections 301 to 303, pp. 386-388, inclusive, of Vol. 1, Minor on Real Property (2d Ed. Ribble), the author discusses the development of jointure as a bar to dower under the English Statute of Uses. He also quotes from the Virginia statute, sec. 64-31, Code, 1950, and points out the differences in its require-

ments from those of the English statute. On page 388, he makes this significant statement:

"But if the husband leaves the wife by his will *all of his property,* this is not *jointure at all,* the absolute ownership. of all his property by the wife merging the dower interest in such property." *Jones* v. *Hughes, supra.*

The meaning of the word or term "jointure", as used in the Virginia statute, is further discussed and the statute interpreted in the following decisions: *Fuller* v. *Virginia Trust Co., supra, Shackelford* v. *Shackelford,* 181 Va. 869, 27 S. E. (2d) 354, and *Land* v. *Shipp,* 98 Va. 284, 36 S. E. 391, 50 L. R. A. 560.

Upon authority of the decisions and texts heretofore cited, we have concluded that unless otherwise barred, released or extinguished, a widow is entitled to dower in a defeasible fee of this precise nature. Principal among those decisions is *Jones* v. *Hughes, supra.* That case also expressly and unequivocally decided that when the widow is willed *all* of her husband's estate and accepts the same, she is not barred of her dower because in such a case the jointure statute does not apply. There, under the will of his father, the husband was seized of a defeasible fee similar to that here involved which was determined by his death in 1870 without issue. By his will he left his widow (who claimed dower in the defeasible estate that had been so held by him) the whole of his estate which consisted only of personalty of the sum of $2,000. It is significant that the husband's death occurred in 1870 which was several years after the amendment of the jointure statute by the Acts of the Assembly of 1865-66, ch. 49, p. 166, which added the language: "and every such provision, by deed or will, shall be taken to be intended in lieu of dower unless the contrary intention plainly appear in such deed or will or in some other writing, signed by the party making the provision." Yet notwithstanding that language of the jointure statute and after making express reference thereto, the court decided that the widow's right to dower was not barred by her acceptance of the bequest and devise of the whole of his estate.

That decision rests upon the. reasoning that since the *whole* estate was willed to his wife, whatever estate he might possess would merge the wife's dower into the fee. To determine what estate the husband possessed, which the wife would take under the will, the court said:

(1) That the executory devisees could not hold the estate against the right of dower because the wife retains dower in a

determinable fee;

(2) That the heirs of the husband could not inherit the estate because, if the real estate did not pass to the wife by the devise, it was not devisable, and it follows, that if not devisable, neither was it descendible; and

(3) That if it concluded that the wife's recovery was barred by her having received other property in lieu of dower, this would be virtually a purchase of the dower estate by the husband and would be an accession to his estate—therefore becoming descendible to his heirs—and the wife, being the devisee under his will, would get the property.

Thus, by the above reasoning and conclusions, the court held that the jointure statute was not applicable because by will she took the whole, and the whole included this dower estate which had become by accession a part of his estate.

An additional reason, we think, for holding that the jointure statute is not applicable in this specific instance, and in view of the holding in the *Jones Case,* is that appellee was not required to decide whether she would take her dower estate or whether she would take under the will. The will, having given to her all her husband's estate of whatsoever kind and nature left her nothing from which to make an election. The jointure statutes contemplate an election between jointure and dower. It would be an absurdity to say she would give up the whole estate merely for the dower interest.

In 1 Minor on Real Property, "Dower", (2nd Ed. Ribble), sec. 303, p. 388, note 6, *Jones* v. *Hughes, supra,* is cited and it is stated that in that case the husband devised all of his estate to his wife but nevertheless it was not deemed to be jointure.

This holding as announced in the *Jones Case* has been the law in this State and a settled rule of construction of the statute since 1876, and we find no cogent or compelling reason now to alter or impair it. (See authorities on doctrine of *stare decisis, supra.*)

[4] No debts of appellee's deceased husband are or can be charged against her right to dower in this land. There being no issue, she is, under the statute, sec. 64-27, Code, 1950, entitled to dower in the whole of the part that is partitioned and assigned as one-third of the tract of 237.8 acres.

The decree appealed from is affirmed and the cause remanded to the lower court for such further proceedings therein as may be requisite.

*Affirmed and remanded.*