## Richmond

MALIBU AUTO PARTS, INCORPORATED V. COMMONWEALTH OF VIRGINIA

October 7, 1977.

Record No. 761524.

Present: All the Justices.

*Montgomery Knight, Jr. (Reid H. Ervin; Doumar, Pincus, Knight & Harlan,* on brief) for plaintiff in error.

*Alan Katz, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief) for defendant in error.

CARRICO, J., delivered the opinion of the Court.

For selling a quart of motor oil on a Sunday, Malibu Auto Parts, Incorporated, was convicted by the trial court of violating Code § 18.2-341, a part of Virginia's Sunday Closing Law. Malibu's appeal presents questions of the applicability and the constitutionality of the Closing Law.

The record shows that Malibu is a retailer of automotive parts and supplies, with a store in the City of Virginia Beach. On Sunday, July 4, 1976, a city police officer, Howard T. Carr, attired in civilian clothing, entered Malibu's store and ordered a quart of motor oil. He told a clerk he wanted the oil for use in his lawnmower. At the clerk's request, Carr signed a statement indicating the oil was "needed for emergency repairs o[r] emergency service of a vehicle." After receiving and paying for the oil, Carr identified himself as a police officer. Subsequently, Malibu was indicted for violating Code § 18.2-341 in making the sale.

As pertinent to this appeal, Code § 18.2-341 reads as follows:

"(a) On the first day of the week, commonly known and designated as Sunday, no person shall engage in work, labor or

business or employ others to engage in work, labor or business except in the following industries and businesses:

"....

"(4) Servicing, fueling and emergency repair of motor vehicles . . . *including the selling of such parts and supplies for such emergency repairs*" (emphasis added).

The italicized language was added to the statute by an amendment enacted at the 1976 session of the General Assembly. Acts 1976, c. 569. The sale in the present case occurred subsequent to the effective date of the amendment.

Malibu contends first that, by the 1976 amendment, the General Assembly "carved out" a new exemption for "certain businesses," *viz.*, those engaged in selling parts and supplies for the emergency repair of motor vehicles. Malibu then argues that, because 80% of the items it stocks, including motor oil, "could fall into the category which could be considered for an emergency purpose," it "falls within the category of businesses" covered by the new exemption. It "should be allowed," therefore, Malibu concludes, to "stay open [on Sunday] in order to sell those [emergency repair] items."

Furthermore, Malibu maintains, because its principal business is the sale of emergency repair items and this business is exempted from Sunday closing, under the rationale of *Bonnie BeLo Enterprises* v. *Commonwealth*, 217 Va. 84, 225 S.E.2d 395 (1976), it should be permitted to sell on Sunday not only emergency repair items but also "other items which are sold in the ordinary and normal course" of its business. Here, although it is not clearly expressed, apparently it is Malibu's contention that, if motor oil is not considered an emergency repair item, the Sunday sale of oil in the present case still was permissible because the sale was incidental to Malibu's claimed principal business of selling emergency repair items.

■ We disagree with Malibu upon the effect of the 1976 amendment to Code § 18.2-341(a)(4). We do not believe the amendment "carved out" a new class of businesses that would be permitted to remain open on Sunday. Instead, we believe, as the trial court held, that the amendment affects only businesses engaged in the servicing, fueling, and emergency repair of motor vehicles. Those businesses, which were already permitted to operate on Sunday, may now sell on Sunday the parts and

supplies necessary to perform emergency repairs on motor vehicles.

Malibu is not engaged in servicing, fueling, or repairing motor vehicles. Rather, it is a mere seller of automotive parts and supplies. As such, even if 80% of its stock consists of emergency repair items, it is not covered by the exemption contained in Code § 18.2-341(a)(4), either in the section's original form or its amended version.

For this reason, Malibu's reliance upon our decision in *Bonnie BeLo* is misplaced. In that case, we held that, if a merchant's principal business is permitted as an exception to the Sunday Closing Law, he may, incidental to the operation of that business on Sunday, sell such other items as are sold in the ordinary and normal course of his business.

Even if we assume that Malibu's principal business is the sale of emergency repair items and that motor oil is ordinarily sold in the course of that business, Malibu's Sunday sale of oil in the present case still would not have been permissible. Malibu's principal business is not permitted as an exception to the Sunday Closing Law.

██ Malibu contends next that the Sunday Closing Law is unconstitutionally discriminatory. Malibu argues first that the statute discriminates because other businesses in the City of Virginia Beach are permitted to sell motor oil on Sunday, while auto parts stores, including Malibu, are forbidden to sell the same product. Here, Malibu points to testimony it presented in the court below which showed that, on a Sunday subsequent to the date of Malibu's offense, sales of motor oil were made in a drugstore, a supermarket, and a service station, all located in Virginia Beach.

This precise objection was raised to the Maryland Sunday Closing Law in *McGowan* v. *Maryland*, 366 U.S. 420 (1961). The objection was rejected. 366 U.S. at 427-28. A similar complaint of discrimination was leveled against the Massachusetts Sunday Closing Law in *Gallagher* v. *Crown Kosher Market*, 366 U.S. 617 (1961). This complaint was rejected. 366 U.S. at 622-24. And this court, in *Mandell* v. *Haddon*, 202 Va. 979, 121 S.E.2d 516 (1961), held "without merit" a contention that Virginia's Sunday Closing Law denied the retail merchants there involved "equal protection of the laws."

At the time *Mandell* was decided, the exceptions to Virginia's Sunday Closing Law were stated in terms of commodities. The exemptions in the present statute, however, are expressed in terms of industries and businesses. Even so, considering that all auto parts businesses similar to Malibu are required to close on Sunday, what was said in *Mandell* is applicable here:

"[The statute applies] to all who are similarly situated or engaged in the same kind of business, without discrimination. The equal protection clause goes no further than prohibiting *invidious* discrimination, and the [statute does] not fall within that category . . . ." 202 Va. at 992, 121 S.E.2d at 526-27.

■ Malibu argues also that it is subjected to unlawful discrimination in the enforcement of the Sunday Closing Law because, as it showed in the court below, auto parts stores are permitted to remain open on Sunday in the nearby Tidewater cities of Chesapeake, Hampton, Newport News, and Norfolk. The ready answer to this argument is two-fold: first, "the Equal Protection Clause relates to equality between persons as such, rather than between areas and . . . territorial uniformity is not a constitutional prerequisite." *McGowan* v. *Maryland,* 366 U.S. at 427; second, Malibu will not be heard to complain that the authorities in other jurisdictions may have failed to enforce a law which Virginia Beach officials have enforced against Malibu.

■ Malibu's next contention is that the Sunday Closing Law is unconstitutional and void "in its entirety" because it is vague and indefinite. Malibu argues that the term "emergency," as used in the exemption contained in Code § 18.2-341(a)(4), "is not sufficiently definite to enable an individual of ordinary intelligence in any case to determine with a fair degree of accuracy what is permitted and what is prohibited."

In *McGowan* v. *Maryland, supra,* the Supreme Court upheld* the Maryland Sunday Closing Law against a claim that certain of its terms were "unconstitutionally vague." We adopt, as dispositive of Malibu's present contention, what the Supreme Court said in *McGowan:*

"We believe that business people of ordinary intelligence . . . would be able to know what exceptions are encompassed by

---

*Inscrutably, Malibu says in its brief that the Court "struck down" the Maryland statute because of vagueness.

the statute ... as a matter of ordinary commercial knowledge : .... [T]here is no necessity to guess at the statute's meaning in order to determine what conduct it makes criminal . . . ." 366 U.S. at 428.

■ Finally, Malibu contends that "the entire" Sunday Closing Law is unconstitutional because of its local option feature. This feature permits a county or city, by ordinance and public referendum, to provide that the Closing Law "shall have no force or effect" within such locality. Code § 18.2-342.

The record fails to disclose, however, that Malibu raised in the trial court any claim that the Sunday Closing Law is unconstitutional because of the local option feature. Accordingly, we will not notice the claim here. Rule 5:21, Rules of Court; *Manley* v. *Commonwealth*, 211 Va. 146, 149, 176 S.E.2d 309, 312 (1970).

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*