## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Benderson Development Co. et al.

v.

Paul A. Sciortino

August 16, 1985

Case No. (Law) 2512

By JUDGE EDWARD W. HANSON, JR.

The matter comes on the motion of the plaintiff for summary judgment and the demurrer filed by the defendant. In summary, the plaintiffs seek to enjoin the defendant from the enforcement of Section 18.2-341 of the Code of Virginia, the so-called "Sunday closing law." The plaintiffs aver that the law is unconstitutional, primarily on the grounds that it violates the equal protection clause of the United States Constitution.

Any attack upon the constitutionality of Section 18.2-341 must be considered in light of the most recent opinion of the Supreme Court of Virginia, as expressed in *Malibu Auto Parts v. Commonwealth*, 218 Va. 467 (1977), which affirmed the decision of a sitting judge of this circuit on October 7, 1977.

In *Malibu*, the Court considered plaintiff's claim that the Sunday closing law, enacted into law in 1974 and amended in 1976, was unconstitutionally discriminatory. The Court rejected that claim pointing out that similar complaints of discrimination were rejected by it in *Mandell v. Haddon*, 202 Va. 979, 121 S.E.2d 516 (1961), and by the United States Supreme Court in *McGowan v. Maryland*, 366 U.S. 420 (1961), and in *Gallagher v. Crown Kosher Market*, 366 U.S. 617 (1961), dealing with Sunday closing laws in Maryland and Massachusetts, respectively.

*Malibu* also answered the arguments of unlawful discrimination in the enforcement of the law, stating that "the Equal Protection Clause relates to equality between persons as such, rather than between areas and. . . territorial uniformity is not a constitutional prerequisite," citing *McGowan* at page 427. The Court having also stated that "Malibu will not be heard to complain that the authorities in other jurisdictions may have failed to enforce a law which Virginia Beach officials have enforced against Malibu"; this Court will not consider the complaint that the Commonwealth's Attorney may only enforce the law following private complaint.

After considering the other arguments of plaintiff advanced for their position, this Court will address only that claim that the provision of Section 18.2-342, subjecting the law to "local option" renders the law discriminatory. The Court in *Mandell* declined to address this issue, but this court feels an obligation to comment. In Section 4-45 of the Code of Virginia, the voters of any county, city or town with a population of 900 or more inhabitants are given the option of deciding by referendum whether or not alcoholic beverages will be sold in the jurisdiction. In Section 4-96.3, a similar statute provides for a referendum on Sunday beer and wine sales. Local option on matters of importance has been an integral part of the decision-making process in this Commonwealth and in the absence of law to the contrary will be presumed to be constitutional.

In *Mandell v. Haddon, supra,* dealing with the Sunday law which preceded the present statute, the Court states "the evidence shows that the amended statute was unanimously passed by the General Assembly after careful study and research, and it seeks to promote and strengthen the established policy of Virginia in favor of a common day of rest, relaxation and recreation for as many persons as possible who are not engaged in 'works of necessity or charity'." The succeeding amendments and changes to the Sunday Closing Law, regardless of form, have all attempted to maintain and promote those concepts of rest, relaxation, recreation necessity and charity. The Sunday closing law has been enacted by the legislature, upheld by the Supreme Court of Virginia, and continued in effect by the citizens of this city by their choice. For this Court to substitute its will for the expressed will of

the legislature, the Court, and the people would be presumptuous.

The plaintiff's motion for summary judgment is denied. The defendant's demurrer is sustained.