## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Price Club East, Inc.

### December 2, 1985

By JUDGE JOHN E. CLARKSON

This matter comes before the court again on defendant's motion to set aside a jury verdict and to dismiss the indictment.

I find that Price Club East, Inc. (hereinafter defendant) is a corporation organized under the laws of California and holding a certificate of authority to transact business in the Commonwealth of Virginia. The defendant has been indicted under three misdemeanor indictments alleging that they transacted business on December 16, 23, and 30, 1984, in violation of Virginia Code § 18.2-341, and this case only involves the violation of December 16, 1984.

The evidence showed, and I find, that the Virginia Department of Alcoholic Beverage Control issued defendant a license type "wine and beer off premises, grocery store." The Department of Public Health for Norfolk, Virginia, issued their permit for the defendant to operate as a grocery store. The City of Norfolk issued its license for "merchant, retail," "merchant, wholesale," and "tobacco, retail." I find from a review of the evidence and exhibits and especially from defendant's Exhibit No. 2 that during the period of November 19, 1984, through August 31, 1985, the defendant had sales of the following items and percent of sales:

| | |
|---|---|
| Foods | 17.56% |
| Perishable Foods | 8.22 |
| Beverages | 5.19 |
| Candy | 5.03 |
| Cigarettes | 5.12 |
| Sundries ("soaps, and cleaning products, dog food") | 9.36 |
| Total | 50.48% |

Defendant is a large store selling goods to individuals in bulk size (wholesale) amounts and sells more food than any other item in percentage of sales. Therefore, the Commonwealth has not proved to my satisfaction that the defendant's principal business is not the sale of food (17.56) and beverages (5.19). Food is the largest single category of sales and the above listed items, usually found in "food stores," amount to over 50% of sales. Food stores are exempt under Virginia Code Section 18.2-341(15) and businesses and industries which are food dealers, one whose *principal* business is the sale of food is permitted, incidental to the operation of its business on Sunday, to sell such non-food items as are sold in the ordinary and normal course of its business. *Bonnie Belo* v. *Commonwealth*, 217 Va. 84 (1976).

As the Commonwealth failed to prove that the defendant's principal business was not the sale of food and beverages, I will sustain the Motion to Set Aside the Jury's Verdict, and I have today dismissed the indictment.